IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BRITTANY FERGUSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff,*<br><br>v.<br><br>L'OREAL U.S.A., INC., MAYBELLINE, LLC, AND NYX LOS ANGELES, INC.,<br><br>*Defendants.* | Case No.   21-3175 |

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants L'Oréal USA, Inc. ("L'Oréal USA"),[1] Maybelline LLC ("Maybelline") and NYX Professional Makeup LLC, erroneously sued as NYX Los Angeles, Inc. ("NYX")[2] (collectively, the "L'Oréal USA Defendants"), by and through their

---

[1] The Complaint appears to conflate L'Oréal USA with L'Oréal S.A., a separate entity. (*See* Compl., ¶ 2 ("Defendants L'Oreal [*sic*] is a French company incorporated in Delaware with its principal place of business in New York.").) Moreover, Plaintiff served L'Oréal USA only. For sake of abundant clarity, this Notice of Removal is filed by L'Oréal USA, Inc., a Delaware corporation headquartered in New York, ***not*** L'Oréal S.A., a separate entity incorporated in France as a *Société Anonyme* with its registered office in Paris and its corporate headquarters and principal offices in Clichy, France. (*See* Declaration of Robert G. Kinnally, attached hereto as Exhibit "A" ("Kinnally Decl."), ¶ 7.) The undersigned counsel do not have authority to represent L'Oréal S.A. with respect to this action, and L'Oréal S.A. has not been served with the Summons or Complaint. To the extent that Plaintiff meant to serve or sue L'Oréal S.A., rather than L'Oréal USA, Plaintiff would need to effect service in accordance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil Or Commercial Matters, 20 U.S.T. 361 ("Hague Convention"). *See Volkswagenwerk Aktiengesellschaft v. Schunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies.").

[2] NYX, Los Angeles Inc. ceased to exist as of January 1, 2017, when it merged into L'Oréal USA. (*See* Kinnally Decl., ¶ 4.)

undersigned counsel, hereby remove the above-captioned civil action from the Law Division of the Circuit Court of Sangamon County, Illinois, to the United States District Court for the Central District of Illinois, Springfield Division pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  Removal of this action is proper under 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy for Plaintiff's individual claims exceed $75,000.  In support of removal, the L'Oréal USA Defendants state as follows:

## I.     CLAIMS ASSERTED AND RELIEF SOUGHT

1.     On June 17, 2021, Plaintiff Brittany Ferguson ("Plaintiff") commenced this action by filing a putative Class Action Complaint ("Complaint") against the L'Oréal USA Defendants in the Circuit Court of Sangamon County, Illinois, Seventh Judicial Circuit.  As required by 28 U.S.C. §1446(a), the Complaint, Summons and all other "process, pleadings, and orders" served to date on L'Oréal USA Defendants are attached hereto as Exhibit "B".

2.     In her Complaint, Plaintiff alleges that the L'Oréal USA Defendants violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"), by scanning, collecting, storing, and using Plaintiff's biometrics (in the form of alleged scans of facial geometry) without first obtaining a written executed release or making disclosures required by BIPA.  (Compl. ¶¶ 13, 20, 88.)  Plaintiff further alleges upon information and belief that the L'Oréal USA Defendants lack retention schedules and guidelines for permanently destroying biometric data, and/or have no written policy, made available to the public, that discloses their retention schedule and/or guidelines for retaining and then permanently destroying biometric identifiers and information that complies with the requirements of BIPA.  (*Id*. ¶¶ 21, 64, 87.)  Plaintiff further alleges, upon information and belief, that the L'Oréal USA Defendants subsequently stored Plaintiff's biometric data in one or more databases.  (*Id*. ¶ 27.)

3. Specifically, Plaintiff alleges that the L'Oréal USA Defendants offer a "Virtual Makeup Try-On program" on their websites that "scans a potential customers' [sic] face, identifies the potential customers' facial geometry, and then allows that potential customer to 'try on' hundreds or thousands of various cosmetic products to the potential customers' face . . ." (Compl. ¶ 12.) Plaintiff further alleges that the "Virtual Makeup Try-on" feature "functions by collecting, capturing, and using facial biometrics," and that "Virtual Makeup Try-on" "features function, at least in part, by collecting, capturing, and using consumer's biometrics." (*Id*. ¶¶ 26, 55.) Plaintiff includes printouts from three websites in its Complaint: one from Maybelline ("Try It On"), one from NYX ("Try On Your Favorite Looks & Products"), and one from L'Oréal Paris USA ("Makeup Virtual Try-On"). (*Id*., ¶ 12.)

4. Plaintiff also alleges that the L'Oréal USA Defendants collected her biometrics each unspecified time that she used the "Virtual Makeup Try-on"; she "was never made aware of any publicly available BIPA policy" and "was never provided the information required by BIPA" from the L'Oréal USA Defendants; has "never been informed of any biometric data retention policy" or whether the L'Oréal USA Defendants "will permanently delete her biometrics"; and "has never been provided with nor ever signed a written release" authorizing the L'Oréal USA Defendants to "collect, capture, store, or otherwise obtain her facial scan or facial geometry biometrics." (*Id*. ¶¶ 28-32.) Further, Plaintiff alleges that "BIPA protects consumers like Plaintiff and the putative Class from this precise conduct." (*Id*. ¶ 34.)

5. Plaintiff alleges that under BIPA, she and the putative Class were entitled to receive, but did not receive, "certain information prior to Defendant securing their biometric data; namely, information advising them of the specific limited purpose(s) and length of time for which it/they collect(s), store(s), and use(s) their facial scans or facial geometry and any

3

biometrics derived therefrom; information regarding Defendants' biometric retention policy; and, a written release allowing Defendants to collect and store their private biometric data." (*Id*. ¶¶ 36, 69-70.)

    6.    Plaintiff seeks to bring her BIPA claim on behalf of a putative class defined as:

> All persons who had their biometric identifiers, facial geometry, faceprints, or facial data captured, collected, or received by Defendants while residing in Illinois from five years preceding the date of filing of this action through the date a class is certified in this action.

(*Id*. ¶ 74.)

    7.    On behalf of herself and each member of the putative class, Plaintiff seeks the following relief in addition to seeking class certification: (1) an award to Plaintiff and the class members of the greater of either liquidated damages of $1,000 per negligent violation and $5,000 for each willful or reckless violation, or actual damages, for each violation of BIPA; (2) attorneys' fees and costs incurred in litigating this action; and (3) injunctive relief in the form of an order requiring the L'Oréal USA Defendants to (i) public disclosure of a written policy related to the collection, use, storage, and destruction of consumer biometrics, (ii) disclosure of whether the L'Oréal USA Defendants have retained Plaintiff's and other consumers' biometrics, (iii) a requirement that they obtain written releases from individuals prior to the collection of biometric information, and (iv) disclosure of the standard of care the L'Oréal USA Defendants employed in storing, transmitting, and protecting Plaintiff's biometrics, as well as whether the L'Oréal USA Defendants have sold or otherwise profited from "Plaintiff and other face scanned consumers' biometrics." (*Id*. ¶¶ 91, 95-98.)

    8.    The L'Oréal USA Defendants deny any violation of BIPA. The L'Oréal USA Defendants also deny that this matter is appropriate for certification as a class action. The L'Oréal USA Defendants submit this Notice of Removal without waiving any defenses to the

claims asserted by Plaintiff and without conceding the Complaint's allegations, or that Plaintiff has pled claims upon which relief can be granted.

## II. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

9. Removal is proper under 28 U.S.C. § 1332(a) because all requirements for diversity jurisdiction have been met.

10. Under 28 U.S.C. § 1332(a)(1), federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

### A. Complete Diversity Exists In This Action

11. This is an action between citizens of different states, and complete diversity exists. *See* 28 U.S.C. § 1332(a)(1). To be sure:

- Plaintiff alleges that she is a citizen of Illinois. (Compl. ¶ 1.)

- L'Oréal USA is a Delaware corporation with its principal place of business at 10 Hudson Yards, New York, New York 10001. (Kinnally Decl., ¶ 3.)

- NYX is a New York domestic limited liability company with its principal place of business at 10 Hudson Yards, New York, New York 10001. (*Id.*, ¶ 4.) The sole member of NYX is L'Oréal USA. (*Id.*, ¶ 3.)

- Maybelline is a New York domestic limited liability company with its principal place of business at 10 Hudson Yards, New York, New York 10001. (*Id.*, ¶ 5.) The sole member of Maybelline is L'Oréal USA. (*Id.*, ¶ 3.)

12. As a corporation, L'Oréal USA is deemed a citizen of the States where it has been incorporated (Delaware) and where it maintains its principal places of business (New York).

28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010); (*see also* Kinnally Decl., ¶ 3.)

13.     As limited liability companies, NYX and Maybelline are deemed citizens of every State where their LLC members have citizenship. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011). Because NYX and Maybelline are registered in New York, and have the same sole member, L'Oréal USA, which as noted above was incorporated in Delaware and maintains its principal place of business in New York, NYX and Maybelline are ***not*** citizens of Illinois. (*See* Kinnally Decl., ¶¶ 3-5.)

14.     Because none of the L'Oréal USA Defendants are citizens of Illinois and thus there are not residents of the same state on both sides of the lawsuit, complete diversity exists in this action. *See Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993).

**B.     The Matter In Controversy Exceeds the Sum or Value of $75,000**

15.     The amount in controversy requirement of 28 U.S.C. § 1332(a) is also satisfied. In determining whether this amount in controversy requirement is met, "at least one named plaintiff must satisfy the jurisdictional amount." *Clement v. Lau*, No. 03 C 6179, 2003 WL 22948671, at *2 (N.D. Ill. Dec. 10, 2003). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012) (*citing Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011)).

16.     Plaintiff's claims satisfy the $75,000 minimum threshold because Plaintiff seeks damages "including liquidated damages of $1,000 per negligent violation, $5,000 per willful or

reckless violation, or actual damages, whichever is greater," for herself and a class in excess of 40 people, and suggests multiple violations may have occurred and continue to occur. (*See* Compl., ¶¶ 12, 25, 28, 33, 52, 54, 74-75, 91.) Additionally, Plaintiff has filed a Rule 222(b) Affidavit declaring that, "this matter seeks more than $50,000 in damages." (*See* Ex. B at B-022).

17. As for herself, Plaintiff has alleged that "*[e]ach time* Plaintiff used the 'Makeup Virtual Try-On' platform, Defendants unlawfully collected her biometrics[,]" that she has been "*continuously* and *repeatedly*" exposed to risks generated by Defendants' alleged non-compliance with BIPA, and that, upon information and belief, the L'Oréal USA Defendants "*continue to violate* [ ] Illinois consumers' biometric privacy rights. (Compl., ¶¶ 28, 33, 54 (emphasis added).) Plaintiff also seeks damages "for each violation of BIPA" (*See id*., Prayer for Relief, § D.) Although the Complaint does not allege a specific number of times that Plaintiff used the L'Oréal USA Defendants' "Virtual Makeup Try-on" platform(s), Plaintiff's allegations that the L'Oréal USA Defendants unlawfully collected her biometrics on more than one occasion and that she suffered "continuous" and "repeated" harm as a result, are sufficient to plausibly allege the requisite amount in controversy. *See, e.g.*, *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769-70 (N.D. Ill. 2019) (applying a "per scan" theory of damages under BIPA for purposes of removal, and holding that the defendant had plausibly alleged the requisite amount in controversy because the "complaint does not include any [damages] limitation and instead suggests the frequent and repeated occurrence of BIPA violations").[3]

---

[3] The L'Oréal USA Defendants do not concede that Plaintiff may recover for multiple of the same alleged BIPA violations arising from the same technology. *See, e.g., Cothron v. White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141 (N.D. Ill. Oct. 1, 2020). However, for purposes of evaluating removal, Plaintiff's allegations and requested relief, and the plausible inferences drawn therefrom, must be accepted as true for purposes of determining the amount in

7

18. Illinois federal district courts have found it plausible—for removal purposes—"that a new violation [of BIPA] occurs each time [the defendant] acquires [the plaintiff's] biometric information, which presumably happens with each scan." *Fox v. Dakkota Integrated Sys., LLC*, No. 19 C 2872, 2020 WL 8409683, at *3 (N.D. Ill. Jan. 24, 2020) (finding removal proper in BIPA case seeking $5,000 in statutory damages for each alleged violation of BIPA because "[s]uch a plausible interpretation would entitle [plaintiff] to statutory damages on a per-scan basis"); *see also Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769-70 (N.D. Ill. 2019) (same).

19. As it is not legally impossible for Plaintiff to recover $5,000 per scan, Defendant has plausibly shown the amount in controversy exceeds the $75,000 threshold under 28 U.S.C. § 1332(a)(1) based on Plaintiff's allegations of "repeated" harm "each time" she used the "Virtual Makeup Try-on" platform(s). *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

20. The Complaint also satisfies the $75,000 minimum threshold because Plaintiff's Complaint seeks broad injunctive relief, compliance with which would necessitate incurrence of significant costs, estimated to exceed $75,000. *See Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004); *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004) (holding that "the cost a defendant incurs in complying with injunctive relief is a legitimate consideration in a jurisdictional inquiry"). Indeed, Plaintiff seeks an extensive and comprehensive injunction requiring Defendants to (1) publicly disclose a written policy establishing any specific purpose and length of term for which Plaintiff and other consumers' biometrics have been collected, captured, stored, obtained, and/ or used, as well as guidelines for permanently destroying such

---

controversy. *See generally CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000).

biometrics; (2) disclose whether Defendants have retained Plaintiff's and other consumers' biometrics in any fashion, and if, when, and how such biometrics were permanently destroyed; (3) obtain a written release from any individual prior to the capture, collection, and/or storage of that individual's biometric identifiers or biometric information, especially a facial geometry scan, and biometric information derived from it; (4) disclose if (and if, precisely how, and to whom) it has disseminated, sold, leased, traded, or otherwise profited from Plaintiff and other face scanned consumers' biometrics; and (5) disclose the standard of care that it employed to store, transmit, and protect such biometrics, as provided under BIPA.  Plaintiff further seeks an order prohibiting "further BIPA non-compliance" and requiring the L'Oréal USA Defendants "to remedy any BIPA compliance deficiencies."  (Compl. ¶¶ 95-99.)  In the event that Plaintiff obtains injunctive relief, the L'Oréal USA Defendants would have to spend considerable time, effort, and resources to comply with that injunction, and a reasonable estimate of the costs attendant to compliance with that injunction exceeds $75,000.  (*See* Kinnally Decl., ¶ 8.)

### III.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

21.    Plaintiff filed the above-captioned case on June 17, 2021, in the Law Division of the Circuit Court of Sangamon County, Illinois, under Case No. 2021-L-000104.

22.    The L'Oréal USA Defendants received service of the Summons and Complaint on June 28, 2021 (L'Oréal USA and NYX), and June 30, 2021 (Maybelline).  As the L'Oréal USA Defendants caused this Notice of Removal to be filed within thirty (30) days after the latest date that any of them were served, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

23.    Removal to this Court is proper because the United States District Court for the Central District of Illinois, Springfield Division, is the federal judicial district and division embracing the Circuit Court of Sangamon County, Illinois, where this suit was originally filed. 28 U.S.C. § 1441(a); 28 U.S.C. § 93(b).

24. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Law Division of the Circuit Court of Sangamon County, Illinois.

25. As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiff's counsel by email and by U.S. Mail, and promptly filed with the Clerk of the Circuit Court of Sangamon County, Seventh Judicial Circuit.

26. For the foregoing reasons, this Court has jurisdiction over this matter.

**WHEREFORE**, the L'Oréal USA Defendants hereby remove Case Number 2021-L-000104 from the Circuit Court of Sangamon County, Illinois, Seventh Judicial Circuit, to the United States District Court for the Central District of Illinois, Springfield Division.

Dated: July 28, 2021

Respectfully submitted,

*/s/ Aaron D. Charfoos*
Aaron D. Charfoos (ARDC # 6277242)
Adam M. Reich (ARDC # 6329295)
John J. Michels III (ARDC # 6330131)
Paul Hastings LLP
71 S. Wacker Drive
Chicago, IL 60606
Telephone: +1.312.499.6016
aaroncharfoos@paulhastings.com
adamreich@paulhastings.com
johnmichels@paulhastings.com

*Counsel for Defendants,*
L'ORÉAL U.S.A., INC., MAYBELLINE LLC, AND NYX PROFESSIONAL MAKEUP LLC, erroneously sued as NYX LOS ANGELES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2021, a copy of the foregoing was served on the following parties by electronic mail at the addresses listed below:

Brandon M. Wise
PEIFFER WOLF CARR
KANE & CONWAY, ILP
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
bwise@peifferwolf.com

Aaron Siri, Esq.
Mason Bamey, Esq.
SIRI & GLIMSTAD LLP
200 Park Avenue, 17th Floor
New York, NY 10166
Telephone: 212-532-1091
aaron@sirillp.com
mbamey@sirillp.com

*Counsel for the Plaintiff and the Putative Class*

                                          */s/ John J. Michels III*

                                          **John J. Michels III**