# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| BRITTANY FERGUSON,<br>INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff,*<br><br> *v.*<br><br>L'OREAL U.S.A., INC., MAYBELLINE, LLC, AND NYX LOS ANGELES, INC.<br><br>*Defendants.* | Case No. 3:21-cv-03175-SEM-TSH<br><br>District Judge:     Hon. Sue E. Myerscough<br>Magistrate Judge: Hon. Tom Schanzle-Haskins<br><br>[Memorandum of Law in support hereof; Declaration of Chira Schaad; Request for Judicial Notice; and [Proposed] Order filed and served concurrently herewith] |

## DEFENDANTS' MOTION TO DISMISS

Defendants L'Oréal USA, Inc. ("L'Oréal USA"), Maybelline LLC ("Maybelline") and NYX Professional Makeup LLC, erroneously sued as NYX Los Angeles, Inc. ("NYX") (collectively, the "L'Oréal USA Defendants"), by and through their undersigned counsel, respectfully move this Court (i) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3), for an Order dismissing the Complaint with prejudice and compelling Plaintiff Brittany Ferguson ("Plaintiff") to arbitrate her claims on an individual basis, or, in the alternative, (ii) pursuant to Rule 12(b)(6), for an Order dismissing the Complaint with prejudice on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.  In support of this Motion, the L'Oréal USA Defendants state as follows:

1.  Plaintiff filed the underlying Complaint in the Circuit Court of Sangamon County, Illinois on or around June 17, 2021, and the L'Oréal USA Defendants removed this action to this Court on July 28, 2021.  Plaintiff did not contest removal.

2.  This action is one of approximately 12 identical suits filed by the same Plaintiff's counsel—and one of four (4) nearly identical class-action complaints filed by Plaintiff—which alleges that defendant companies that offer a virtual try-on feature on their websites have violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*.

3.  Plaintiff alleges in this case that she used a virtual try-on feature on the L'Oréal USA Defendants' websites, but she does not specify which website she visited or when.  (Compl. ¶ 25.)  However, Plaintiff includes printouts from three websites in her Complaint: maybelline.com, lorealparisusa.com, and nyxcosemtics.com (collectively, the "L'Oréal USA Websites").  (*See id*. ¶ 12; Declaration of Chira Schaad ("Schaad Decl.") ¶ 2.)

4.  In order to access the Virtual Try-On feature on any of the L'Oréal USA Websites, visitors must expressly consent in a pop-up ("Consent Pop-Up") to the processing of their images

in accordance with the a specific, comprehensive Privacy Policy, which is substantively identical across the L'Oréal USA Websites, and is conspicuously hyperlinked within the Consent Pop-Up. (*See id*. ¶ 6, Ex. B at pgs. 1-4.)  Hyperlinks to the Privacy Policy are also at the bottom of each webpage on the L'Oréal USA Websites, including all webpages from which the Virtual Try-On feature is accessible. (*See, e.g.*, *id*. ¶ 8, Ex. A at pgs. 1, 8, 10.)

5. The Privacy Policies describe in detail what information, if any, may be collected from website users; the purpose for such collection and how the information will be used; how long the information will be stored and user rights as regards information return or deletion; and how the information is protected.  (*See generally id*. Ex. C.)

6. All usage of the L'Oréal USA Websites is additionally governed by Terms of Use and Terms and Conditions (collectively, "Terms of Use"). (*See generally id*. ¶ 7, Ex. D.)

7. The Terms of Use are prominently displayed throughout the L'Oréal USA Websites, including in the Privacy Policies themselves, which reiterate that the L'Oréal USA Defendants will enforce the L'Oréal USA Websites' Terms of Use.  (*See id*. Ex. C at pgs. 6, 24, 45.)

8. The Terms of Use all have a mandatory arbitration provision ("Arbitration Provision"), which confirms that anyone who uses the L'Oréal USA Websites agrees that the L'Oréal USA Defendants may require that any and all disputes and causes of action related to or connected with the websites, Terms of Use, and related offerings be resolved individually, and without resort to a class action, by arbitration under the rules of the American Arbitration Association ("AAA"), and with the Federal Arbitration Act ("FAA") governing interpretation and enforcement.  (*See id*. Ex. D at pgs. 9, 20, 35.)

9. The L'Oréal USA Defendants have determined that someone named "Brittany Ferguson," located in Illinois, registered with one or more of their websites, and that this person would have seen one or more links to the Terms of Use. (*See id.* ¶ 12.)

10. The Arbitration Provision is a legally enforceable and binding agreement, and Plaintiff's alleged use of a Virtual Try-On feature on the L'Oréal USA Websites falls squarely within the ambit of the Arbitration Provision.

11. Because Plaintiff's claims are subject to arbitration on an individual basis, her Complaint, asserted on behalf of a putative class, is unsustainable, and should be dismissed pursuant to Rule 12(b)(3).

12. In the event that the Court does not dismiss the Complaint pursuant to Rule 12(b)(3) and compel arbitration, the L'Oréal USA Defendants move in the alternative to dismiss the Complaint pursuant to Rule 12(b)(6).

13. Rule 12(b)(6) dismissal is appropriate because:

13.1 Plaintiff expressly consented to the processing of her image and comprehensive Privacy Policies that contain the information required under BIPA;

13.2 Plaintiff has not met her Rule 8 obligations to state a plausible claim, as she does not allege with sufficient specificity that, how, or when the L'Oréal USA Defendants collected, captured, or used her biometric identifiers or biometric information (collectively, "biometrics"), does not allege sufficient facts to show that the L'Oréal USA Defendants "sell, lease, trade, or otherwise profit from" her biometrics, and does not allege any facts that show the L'Oréal USA Defendants collected, acquired, or otherwise obtained her biometrics, let alone failed to adequately protect them; and

3

13.3  The allegations of the Complaint are inherently contradictory and irreconcilable with the L'Oréal USA Websites upon which Plaintiff's claims depend.

14.  For the further reasons set forth in the accompanying Memorandum of Law, Declaration of Chira Schaad, and Request for Judicial Notice in support hereof, the Court should dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(3) and compel Plaintiff to arbitrate her claims, or, in the alternative, dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6), because Plaintiff has failed to state, and cannot state, a cognizable claim under BIPA upon which relief can be granted.

Hence, the L'Oréal USA Defendants respectfully request that the Court grant its Motion and dismiss this Complaint with prejudice in favor of arbitration pursuant to Rule 12(b)(3), or, in the alternative, dismiss this Complaint with prejudice pursuant to Rule 12(b)(6).

Dated: September 20, 2021

Respectfully submitted,

/s/ Aaron D. Charfoos
Aaron D. Charfoos (ARDC # 6277242)
Adam M. Reich (ARDC # 6329295)
John J. Michels III (ARDC # 6330131)
Paul Hastings LLP
71 S. Wacker Drive
Chicago, IL 60606
Telephone: +1.312.499.6000
aaroncharfoos@paulhastings.com
adamreich@paulhastings.com
johnmichels@paulhastings.com

*Counsel for Defendants,*
L'OREAL U.S.A., INC., MAYBELLINE LLC, AND NYX PROFESSIONAL MAKEUP LLC, erroneously sued as NYX LOS ANGELES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2021, a copy of the foregoing was filed electronically and served via CM/ECF upon the following parties:

Brandon M. Wise
PEIFFER WOLF CARR
KANE & CONWAY, ILP
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
bwise@peifferwolf.com

Aaron Siri, Esq.
Mason Barney, Esq.
SIRI & GLIMSTAD LLP
200 Park Avenue, 17th Floor
New York, NY 10166
Telephone: 212-532-1091
aaron@sirillp.com
mbarney@sirillp.com

*Counsel for the Plaintiff and the Putative Class*

                                                 */s/ Heather Copeland*

                                                 Heather Copeland